■ SOUTH HYLAN, LLC, et al., Respondents, v CNA INSURANCE COMPANY, Defendant, and NATIONAL INSURANCE COMPANY OF HARTFORT, Appellant. [931 NYS2d 704]—

The defendant National Fire Insurance Company of Hartford (hereinafter National Fire) demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it is not obligated to provide coverage to the plaintiffs in an underlying personal injury action, as the plaintiffs are not named insureds in the subject insurance policy (*see Portnoy v Allstate Indem. Co.*, 82 AD3d 1196, 1197-1198 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether reformation of the subject insurance policy is necessitated by mutual mistake as to the identity of the actual insureds (*see Pascal v Nova Cas. Co.*, 226 AD2d 688, 690 [1996]). Accordingly, the Supreme Court should have granted National Fire's motion for summary judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action. For the same reasons, the plaintiffs' cross motion for summary judgment should have been denied.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Richmond County, for the entry of a judgment declaring that National Fire is not obligated to defend and indemnify the plaintiffs in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Zimmerman v Peerless Ins. Co.*, 85 AD3d 1021 [2011]). Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.